This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-Appellant Warren Gott has appealed the decision of the Lorain County Court of Common Pleas that designated him a sexual predator under R.C. 2950.09. This Court affirms.
 I
On December 21, 1992, a jury found Appellant guilty of five counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4), and one count of felonious sexual penetration, in violation of R.C.2907.12(A)(1)(b). On February 8, 1993, Appellant was sentenced to one year for each of the five gross sexual imposition convictions and ten to twenty-five years for the felonious sexual penetration conviction, with the sentences to run concurrently. On January 18, 2000, Appellant was adjudicated a sexual predator and on February 26, 2001, that decision was vacated. On June 4, 2001, a second sexual predator hearing was held and Appellant was again designated a sexual predator. Appellant has appealed the sexual predator adjudication, asserting two assignments of error. This Court will address both of Appellant's assignments of error simultaneously.
 II Assignment of Error Number One The trial court erred to Appellant's prejudice in violation of the Fourteenth Amendment to the United States Constitution and Article One Section [sic] Ten and Sixteen of the Ohio Constitution by adjudicating Appellant a sexual predator in the absence of clear and convincing evidence.
 Assignment of Error Number Two Appellant was deprived of his right to the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.
Appellant has argued that he was improperly designated a sexual predator because the state did not show by clear and convincing evidence that he was likely to reoffend. Appellant has also asserted that, for various reasons, R.C. 2950.09 violates both the United States and Ohio Constitutions. Appellant has conceded that the Ohio Supreme Court has found the statute constitutional, and has indicated that he is arguing the point to preserve future United States Supreme Court appeals. Appellant has also argued that he was denied the effective assistance of counsel at his sexual predator hearing.
Appellant's arguments that the state did not present clear and convincing evidence that he is a sexual predator and that he was denied the effective assistance of counsel are based on a sexual predator hearing transcript. However, the record before this Court does not contain the sexual predator hearing transcript from Appellant's second and dispositive sexual predator adjudication. The record contains the transcript from the January 14, 2000 hearing, which is the decision that was vacated by the trial court. Although the date was clearly marked on the front of the transcript, the mistake was apparently not detected by Appellant or the State. In fact, Appellant's counsel based Appellant's lack of clear and convincing evidence and ineffective assistance of counsel arguments on direct quotes from the January 14, 2000 sexual predator hearing transcript.
Pursuant to Appellate Rule 9(B):
 At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk. * * * If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion.
"The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id. This Court has followed this standard, finding that "[i]f the record is incomplete, the reviewing court must presume the regularity of the proceedings and affirm the decision of the trial court." State v. Jones (Dec. 6, 2000), Lorain App. No. 00CA007641, unreported, at 5; see, also State v.Vonnhordsson (July 5, 2001), Summit App. No. 20368, unreported, at 4-5.
While the judgment entry alone is not sufficient to affirm the decision of the trial court, since the transcript of record is from the vacated sexual predator adjudication hearing, this Court must presume the regularity and validity of the second sexual predator hearing. Appellant did not provide this Court with a proper record to review his claims of insufficient evidence and ineffective assistance of counsel. Therefore, based on Appellant's failure to meet his burden to provide the record on appeal, this Court must presume that clear and convincing evidence that Appellant was likely to reoffend was presented at the second sexual predator hearing and that Appellant's counsel was effective in his defense. Accordingly, this Court rejects Appellant's first and second assignments of error.
This Court notes that R.C. 2950.09 has consistently been held constitutional and that the United States Supreme Court has declined to hear appeals challenging its constitutionality. See State v. Williams
(2000), 88 Ohio St.3d 513, certiorari denied Suffecool v. Ohio (2000),531 U.S. 902, 121 S.Ct. 241, 148 L.Ed.2d 173 (holding that R.C. 2950.09
does not violate guarantees against double jeopardy, or bills of attainder, or the right to equal protection of the laws under both federal and state constitutions; statute also does not violate citizens' rights under Section 1 of the Ohio Constitution or the rights to privacy, property, pursuit of an occupation, or a favorable reputation); see, also, State v. Cook (1998), 83 Ohio St.3d 404, certiorari deniedCook v. Ohio (1999), 525 U.S. 1182, 119 S.Ct. 1122, 143 L.Ed.2d 116, (holding that R.C. 2950.09 does not violate the Retroactivity Clause of the Ohio Constitution or the Ex Post Facto Clause of the United States Constitution); Jones, supra (holding that R.C. 2950.09 does not violate the Retroactivity or Ex Post Facto Clauses, the rights to privacy and equal protection of the laws, or the prohibitions against double jeopardy or cruel and unusual punishment); State v. Haught (May 24, 2000), Summit App. No. 19762, unreported, (holding that R.C. 2950.09 is constitutional); State v. Remines (June 23, 1999), Lorain App. No. 97CA006903, unreported, (holding that R.C. 2950.09 does not violate the prohibitions against ex post facto laws or cruel and unusual punishment, and is not unconstitutionally vague).
 III
Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
CARR, P.J., BATCHELDER, J. CONCUR